Entered: March 31st, 2023
Signed: March 30th, 2023

**SO ORDERED**



NANCY V. ALQUIST
U. S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### Baltimore Division

| | |
|---|---|
| In re:<br><br>KIMBERLY BARTENFELDER,<br><br>     Debtor. | CASE NO. 19-18119-NVA<br><br>CHAPTER 13 |
| KIMBERLY BARTENFELDER,<br><br>     Plaintiff,<br><br>v.<br><br>THOMAS BARTENFELDER, *et al.*,<br><br>     Defendants. | ADVERSARY NO. 20-00255-NVA |

### MEMORANDUM ORDER GRANTING, IN PART,
### DEFENDANT'S MOTION TO DISMISS [ECF NO. 16] AND
### MOTION TO ABSTAIN [ECF NO. 22], AND
### <u>STAYING FURTHER PROCEEDINGS</u>

Defendant Thomas Bartenfelder seeks dismissal of plaintiff Kimberly Bartenfelder's

Second Amended Complaint (the "SAC") and abstention from consideration of any causes of

action that are not dismissed. [ECF Nos. 11, 16, 22]. Ms. Bartenfelder opposes both dismissal

and abstention. [ECF Nos. 17, 23]. The Court held a hearing (the "Hearing") on Mr.

Bartenfelder's motion to dismiss and Ms. Bartenfelder's opposition thereto. [ECF No. 21]. No

hearing has been held on the motion to abstain and the Court concludes that a hearing is not

necessary.  For the reasons that follow, Mr. Bartenfelder's motion to dismiss will be granted in part; Mr. Bartenfelder's motion to abstain will be granted in part; and consideration of the counts which are not resolved by dismissal or abstention will be stayed as set forth herein.[1]

## BACKGROUND

This adversary proceeding, which was filed in Ms. Bartenfelder's now-dismissed bankruptcy case, is part of a long-running series of disputes involving Ms. Bartenfelder and Mr. Bartenfelder, all of which have spawned acrimonious and heavily contested litigation.  A detailed version of the background and events leading up to this Order can be found in the SAC.  [ECF No. 11].  A more concise version follows here.

For approximately the last six years, exclusive of this adversary proceeding, Ms. Bartenfelder and Mr. Bartenfelder have been embroiled in litigation spanning four (4) state court cases concerning disputes over three business entities,[2] their divorce, and allegations by Mr. Bartenfelder of malicious prosecution by Ms. Bartenfelder.  The cases involving the Bartenfelder Entities (the "State Court Business Cases")[3] and the divorce case[4] (collectively with the State Court Business Cases, the "State Court Cases") are relevant to the claims asserted in this adversary

---

[1] The SAC also names Bartenfelder Landscape Service, Inc. ("Landscape") and Bartenfelder Sanitation Service, Inc. ("Sanitation") (collectively, the "Bartenfelder Entities") as defendants.  No counsel for the Bartenfelder Entities has entered an appearance on their behalf and they have not participated in this adversary proceeding.  Service of the SAC and summons appears to have been made on Mr. Bartenfelder, individually, but not on Mr. Bartenfelder, as resident agent of the Bartenfelder Entities, at the address noted on the SAC.  [ECF No. 15].  Further, it is not clear from the SAC that any of the causes of action asserted by Ms. Bartenfelder are directed at either of the Bartenfelder Entities; at best, the Bartenfelder Entities are putatitve plaintiffs and possibly nominal defendants to the Counts 4 and 5, the derivative actions brought on their behalf by Ms. Bartenfelder which the Court will abstain from considering, as discussed *infra*.

[2] Landscape, Sanitation, and 3340 Forge Hill, LLC ("Forge Hill").

[3] *Thomas Bartenfelder v. Kimberly Bartenfelder* (Case No. 12-C-17-000111) and *Kimberly Bartenfelder v. Bartenfelder Landscape Service, Inc., et al.* (Case No. 12-C-17-000355).

[4] *Thomas Bartenfelder v. Kimberly Bartenfelder* (Case No. 12-C-15-003264).

proceeding, in that those cases involve disputes about ownership interests and marital property and would therefore determine what, if any, property interests and/or rights Ms. Bartenfelder had as of the petition date.[5]  The State Court Business Cases involve, among other things, heavily contested disputes over the parties' respective ownership interests and rights to manage and control the Bartenfelder Entities and Forge Hill, as well as the propriety of the parties' conduct in the management and alleged mismanagement of the Bartenfelder Entities.  At the time of the filing of the SAC, the State Court Cases were still pending in state court.[6]  Second Am. Compl. ¶¶ 91, 108 [ECF No. 11].

In the SAC, Ms. Bartenfelder sets out nine causes of action:

(1) Count 1 seeks damages for alleged violations of the automatic stay of § 362 of the Bankruptcy Code;

(2) Count 2 seeks injunctive relief to prevent further violations of the automatic stay;

(3) Count 3 seeks damages for alleged siphoning by Mr. Bartenfelder of the Bartenfelder Entities' assets;

(4) Count 4 seeks, derivatively on behalf of the Bartenfelder Entities, damages for alleged siphoning by Mr. Bartenfelder of the Bartenfelder Entities' assets;

(5) Count 5 seeks, derivatively on behalf of the Bartenfelder Entities, damages for alleged fraudulent conveyances by Mr. Bartenfelder of the Bartenfelder Entities' assets;

(6) Count 6 seeks to re-instate the automatic stay as to the State Court Business Cases;

---

[5] The malicious prosecution case does not involve Ms. Bartenfelder's alleged rights in any property that may or may not have been property of the estate and thus has no bearing on this adversary proceeding.

[6] Ms. Bartenfelder also seeks to stay the State Court Business Cases until this adversary proceeding has been resolved. Second Am. Compl. ¶¶ 93, 108 [ECF No. 11].  The automatic stay imposed by the filing of Ms. Bartenfelder's bankruptcy case terminated by operation of law upon the dismissal of the bankruptcy case.  *See* 11 U.S.C. § 362(c)(2)(B).  Ms. Bartenfelder offers no authority to support her request that this Court order a stay of pending state court litigation under these facts.  Accordingly, the Court will decline to stay the State Court Business Cases.

(7) Count 7 seeks disallowance of Mr. Bartenfelder's claim in the bankruptcy case;

(8) Count 8 seeks a declaration that the filing of bankruptcy did not automatically divest Ms. Bartenfelder of any membership interest in Forge Hill; and,

(9) Count 9 seeks recovery of alleged post-petition transfers.

## APPLICABLE LAW

This Court's jurisdiction "is conferred by statute." *In re Jacobs*, 401 B.R. 202, 205 (Bankr. D. Md. 2008). Federal district courts are granted "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11" (28 U.S.C. § 1334(b)) and "may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district" (28 U.S.C. § 157(a)). Under its Local Rule 402, the United States District Court for the District of Maryland has generally referred bankruptcy cases and related adversary proceedings to this Court. Certain claims in this litigation are core proceedings under 28 U.S.C. § 157(b)(2), while other claims are non-core.[7]

I.    Dismissal

"A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction challenges a court's authority to hear the matter brought by a complaint." *Akers v. Maryland State Educ. Ass'n*, 376 F. Supp. 3d 563, 569 (D. Md. 2019), aff'd, 990 F.3d 375 (4th Cir. 2021). Such a motion "places the [] court in the role of a fact finder for the

---

[7] Mr. Bartenfelder does not consent to the entry of final orders and judgments by this Court. Mot. to Dismiss at 1 [ECF No. 16]. Notwithstanding Mr. Bartenfelder's lack of consent, the non-core claims are being dismissed or abstained from, as discussed *infra*, leaving only the core claims, which are being stayed. Accordingly, the Court has jurisdiction to adjudicate Mr. Bartenfelder's motion to dismiss and motion to abstain. *See, e.g.*, *In re Woodfield*, 602 B.R. 747, 762 (Bankr. D. Or. 2019) ("[T]his court must make the initial determination whether a proceeding is core or non-core. 28 U.S.C. § 157(b)(3). I conclude that this is a core matter, and Debtor's consent is not necessary for entry of a final order or judgment.").

limited purpose of assessing disputes over allegations critical to establishing subject matter jurisdiction." *James G. Davis Const. Corp. v. Erie Ins. Exch.*, 953 F. Supp. 2d 607, 609 (D. Md. 2013). The court must find that an actual case or controversy exists and that the plaintiff has met her burden of "of proving, by a preponderance of the evidence, the existence of subject matter jurisdiction." *Akers*, 376 F. Supp. 3d at 569.

II.   Abstention

Notwithstanding its statutory grant of jurisdiction, a bankruptcy court may exercise its discretion to permissively abstain from considering a matter or hearing a proceeding when the interests of justice or comity would be best served by doing so.

> Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1). "The court is permitted to abstain from hearing a case that arises under or arises in or [is] related to a case under title 11 'in the interest of justice, or in the interest of comity with State courts or respect for State law.'" *Power Plant Ent. Casino Resort Indiana, LLC v. Mangano*, 484 B.R. 290, 299 (Bankr. D. Md. 2012) (quoting § 1334(c)(1)). Courts typically assess twelve factors to determine whether permissive abstention is warranted:

> (1) efficiency in the administration of the debtor's estate; (2) the extent to which state law issues predominate over bankruptcy issues; (3) whether the issues involve difficult or unsettled questions of state law that would be better addressed by a state court; (4) the presence of a related proceeding commenced in state court; (5) the existence of a jurisdictional basis other than § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state

5

court; (9) the burden of the federal court's docket; (10) the likelihood that
the commencement of the proceeding in federal court involves forum
shopping by one of the parties; (11) the existence of a right to a jury trial;
and (12) whether non-debtor parties are involved in the proceeding.

*MacLeod v. Dalkon Shield Claimants Tr.*, 967 F. Supp. 856, 858 (D. Md. 1997); *Power Plant*, 484
B.R. at 299; *In re Porter-Hayden Co.*, 304 B.R. 725, 735 (Bankr. D. Md. 2004).

    III.    <u>Jurisdiction of Adversary Proceeding After Dismissal of Bankruptcy Case</u>

When a bankruptcy case is dismissed, "the general rule [is] that related proceedings
ordinarily should be dismissed because a bankruptcy court's jurisdiction over such related
proceedings depends on the proceedings' nexus to the underlying bankruptcy case." *Okoro v.
Wells Fargo Bank, N.A.*, 567 B.R. 267, 274 (D. Md. 2017) (cleaned up). Nevertheless, "nothing
in the statute governing jurisdiction granted to the bankruptcy courts prohibits the continuance of
federal jurisdiction over an adversary proceeding which arose in or was related to a bankruptcy
case following dismissal of the underlying bankruptcy case." *In re Morris*, 950 F.2d 1531, 1534
(11th Cir. 1992) (collecting cases). Retaining jurisdiction over an adversary proceeding after
dismissal of the bankruptcy case is within the bankruptcy court's discretion. *In re Lindsey*, 854 F.
App'x 301, 307 (11th Cir. 2021); *In re Morris*, 950 F.2d at 1534. Courts typically consider three
factors in determining whether to exercise discretionary jurisdiction: "(1) judicial economy; (2)
fairness and convenience to the litigants; and (3) the degree of difficulty of the related legal issues
involved." *In re Morris*, 950 F.2d at 1535; *In re Smith*, 866 F.2d 576, 580 (3d Cir. 1989); *In re
Castillo*, No. TDC-14-0924, 2015 WL 789095, at *5 (D. Md. Feb. 23, 2015).

**ANALYSIS AND DISCUSSION**

The procedural posture of this adversary proceeding in the context of the underlying
bankruptcy case has overtaken much of Mr. Bartenfelder's argument. The SAC was filed on

September 3, 2021; the summons and SAC were served on November 23, 2021; and the bankruptcy case was dismissed on November 29, 2021 on Ms. Bartenfelder's motion. At the Hearing, under questioning by the Court, Ms. Bartenfelder's counsel conceded that the dismissal of Ms. Bartenfelder's bankruptcy case mooted Counts 2, 3, 6, 7, and 9. Accordingly, those counts are dismissed as moot. The remaining Counts – 1, 4, 5, and 8 – will be analyzed in the context of Mr. Bartenfelder's motions for abstention and dismissal.

I.   <u>Abstention</u>

The Court addresses the *MacLeod* "abstention factors" below as they pertain to these four remaining counts.

(1)   *Efficient Administration of the Debtor's Estate*: Because the debtor's bankruptcy case has been dismissed, there is no estate to administer. Accordingly, this factor weighs in favor of abstention generally as to Counts 1, 4, 5, and 8.

(2)   *State Law Issues Predominating Over Bankruptcy Issues*: Counts 1 and 8 are based in bankruptcy law (i.e., specific statutory provisions in the Bankruptcy Code), while Counts 4 and 5 are based in state law. Moreover, the allegations which support Counts 4 and 5 appear similar, if not identical, to allegations already being litigated in the State Court Business Cases. Accordingly, this factor weighs in favor of abstention as to Counts 4 and 5.

(3)   *Difficult or Unsettled Questions of State Law*: None of the remaining counts appear to involve either difficult or unsettled questions of state law. However, as noted *infra*, the allegations applicable to Counts 4 and 5 are related to the factual record in the State Court Business Cases and that record is significantly more advanced

than the record here.  Accordingly, this factor weighs in favor of abstention as to Counts 4 and 5.

(4)     *Related Proceeding Commenced in State Court*: Here, there are three related state court proceedings (the State Court Cases) in which disputes about the parties' ownership interests in the Bartenfelder Entities and Forge Hill and the parties' conduct with respect to those ownership interests are being litigated.  Stay relief was granted in the bankruptcy case to permit the parties to litigate the State Court Cases to conclusion.  Permitting a duplicative proceeding here on issues already pending in state court is the antithesis of efficiency.  Accordingly, this factor weighs heavily in favor of abstention as to Counts 4 and 5.

(5)     *Existence of a Jurisdictional Basis Other Than § 1334*: Ms. Bartenfelder has identified no jurisdictional basis for her claims other than this Court's general statutory jurisdiction under 28 U.S.C. § 1334.  According, this factor weighs against abstention.

(6)     *Degree of Relatedness or Remoteness to the Main Bankruptcy Case*: Because the bankruptcy case has been dismissed, none of the remaining counts implicate her bankruptcy case.  Accordingly, this factor weighs in favor of abstention as to Counts 1, 4, 5, and 8.

(7)     *Substance Rather than Form of an Asserted "Core" Proceeding*: Counts 1 and 8 are core proceedings under § 157(a) because they arise under, or arise in a case under, title 11 of the Bankruptcy Code.[8]  Counts 4 and 5 are, at best, only "related

---

[8] Count 1 asserts a claim for violation of the automatic stay.  "A claim under § 362(k) for violation of the automatic stay is a cause of action arising under Title 11." *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 481 (4th Cir. 2015).  Count 8 seeks a declaratory judgment that Ms. Bartenfelder's bankruptcy filing did not divest her of her membership interest in Forge Hill.  Two provisions of the Bankruptcy Code address this issue – §§ 365(e) and 541(c) – both of

to" proceedings.  Accordingly, this factor weighs in favor of abstention as to Counts 4 and 5.

(8)   *Feasibility of Severing State Law Claims from Core Bankruptcy Matters*: Severing the state law claims (Counts 4 and 5) from the bankruptcy law claims (Counts 1 and 8) presents no particular challenge for the Court.  Accordingly, this factor weighs in favor of abstention as to Counts 4 and 5.

(9)   *Burden of the Federal Court's Docket*: Litigating Counts 4 and 5 is a significant burden on the Court's docket where (i) the factual record is substantially more developed in state court; (ii) the parties are not stayed from litigating in state court; and (iii) the claims arise entirely under state law.  Accordingly, this factor weighs heavily in favor of abstention as to Counts 4 and 5.

(10)  *Likelihood That Federal Proceeding Involves Forum Shopping*: The Court sees no obvious evidence of forum shopping by the parties.  This factor is neutral.

(11)  *Existence of a Right to a Jury Trial*: The parties have not provided any argument from which the Court can analyze this factor.  It is not clear from the record available to the Court that either party had a right to, or demanded, a jury trial in any of the State Court Cases.  Accordingly, this factor is neutral.

(12)  *Whether Non-Debtor Parties are Involved in the Proceeding*: All of the defendants in this adversary proceeding are non-debtors and two of those defendants (the Bartenfelder Entities) are also putative plaintiffs as to Counts 4 and 5, in that Ms.

---

which prohibit enforcement of contractual provisions that *ipso facto* divest a debtor of her property rights upon the filing of a bankruptcy petition.  Count 8 therefore implicates property of the estate, the applicability and operation of two statutory bankruptcy provisions, and "matters concerning the administration of the estate" and is therefore a core proceeding.  28 U.S.C. § 157(b)(2)(A).

Bartenfelder asserts derivative claims on the entities' behalf. Accordingly, this factor weighs in favor of abstention as to Counts 4 and 5.

The Court's analysis of the *MacLeod* factors "tips heavily in favor of permissive abstention" as to Counts 4 and 5, but not as to Counts 1 and 8. *Power Plant*, 484 B.R. at 301. Counts 4 and 5 implicate only state law, are not core proceedings, are brought derivatively on behalf of non-debtor entities, and can easily be severed from Counts 1 and 8. And these counts rely on a factual record that is significantly more developed by the state court. Counts 1 and 8, on the other hand, are core matters and the *MacLeod* factors do not support permissively abstaining from those counts.

Accordingly, the Court grants Mr. Bartenfelder's abstention motion as to Counts 4 and 5 and abstains from considering Counts 4 and 5, and denies the abstention motion as to Counts 1 and 8.

II.   <u>Dismissal</u>

As discussed *supra*, Ms. Bartenfelder has conceded, and the Court agrees, that Counts 2, 3, 6, 7, and 9 are now moot following the dismissal of her bankruptcy case. The Court has determined that it will abstain from considering Counts 4 and 5. This leaves only Counts 1 and 8 to be considered in connection with Mr. Bartenfelder's motion to dismiss.

In his motion to dismiss, Mr. Bartenfelder argues that the Court lacks subject matter jurisdiction under Civil Rule 12(b)(1) because (i) the SAC generally violates the *Rooker-Feldman* doctrine and (ii) the bankruptcy case has been dismissed. Mr. Bartenfelder states that Ms. Bartenfelder's claims are being, or already have been, adjudicated in state court and that Ms. Bartenfelder "is merely using this adversary proceeding as another attempt to receive a ruling that she wants" in violation of the *Rooker-Feldman* doctrine. Mot. to Dismiss at 7 [ECF No. 16].

Further, Mr. Bartenfelder maintains that this Court lacks subject matter jurisdiction under the Supreme Court's decision in *Stern v. Marshall*, 564 U.S. 462 (2011) because Ms. Bartenfelder's claims "are only tangentially related to the bankruptcy proceeding and are intended to augment an estate that no longer exists." *Id.* at 8.

A.      Rooker-Feldman Doctrine

The *Rooker-Feldman* doctrine "holds that lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments … [and is] confined to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Thana v. Bd. of License Commissioners for Charles Cnty., Maryland*, 827 F.3d 314, 318–19 (4th Cir. 2016) (cleaned up).

Neither Count 1 nor Count 8 appears to invite this the Court to review and reject any judgment issued by a state court. Indeed, there is no final state court judgment at all. Further, it is not clear to this Court that Count 1 (which alleges a violation of the bankruptcy stay that existed to protect Ms. Bartenfelder and her asserts in her bankruptcy case) could even have been the subject of an action outside of this Court. Accordingly, the *Rooker-Feldman* doctrine does not apply and Mr. Bartenfelder's motion to dismiss Counts 1 and 8 based on that doctrine is denied.

B.      Jurisdiction After Dismissal of Bankruptcy Case

This Court has the discretion to retain jurisdiction over an adversary proceeding after the dismissal of the underlying bankruptcy case. As discussed *supra*, this Court therefore has "original, but not exclusive" jurisdiction over Counts 1 and 8 under § 1334(b). Both Counts are grounded in specific provisions in the Bankruptcy Code and governed by bankruptcy law. It is not

clear to the Court how either claim could be tried in state court and no request has been made to

withdraw the reference and send Counts 1 and 8 back to the United States District Court.

> It is particularly appropriate for bankruptcy courts to maintain jurisdiction over § 362(k)(1) proceedings because their purpose is not negated by dismissal of the underlying bankruptcy case. They still serve (a) to compensate for losses that are not extinguished by the termination of the bankruptcy case and (b) to vindicate the authority of the statutory stay.

*In re Johnson*, 575 F.3d 1079, 1083 (10th Cir. 2009).  The Court thus finds that it is the best

position to adjudicate the claims in Counts 1 and 8.  Accordingly, the Court will exercise its

discretion and retain jurisdiction over Counts 1 and 8.

C.    Stay of Proceedings

Having decided to retain jurisdiction over Counts 1 and 8, the Court must now determine

whether it is appropriate to suspend consideration of those Counts in light of the pending State

Court Cases.  Section 305(a) of the Bankruptcy Code provides that "[t]he court, after notice and a

hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this

title, at any time if—(1) the interests of creditors and the debtor would be better served by such

dismissal or suspension."  11 U.S.C. § 305(a).  At least three scenarios will support dismissal or

suspension of a proceeding: (i) the proceeding lacks a true bankruptcy purpose, (ii) state law

proceedings are pending, and (iii) the proceeding is essentially a two-party dispute.  2 Collier on

Bankruptcy P 305.02 (16th 2022).

The second and third scenarios are present here.  There are three pending cases in state

court which involve a significant, if not complete, overlap of the factual allegations presented here

in Counts 1 and 8.[9]  Count 1 is predicated on conduct Mr. Bartenfelder allegedly took with respect

---

[9] The State Court Business Cases involve different causes of action than the claims brought here in Counts 1 and 8. However, Ms. Bartenfelder concedes that the factual allegations that support the causes of action in the State Court

to the Bartenfelder Entities; the extent, if any, of Ms. Bartenfelder's interests in the Bartenfelder Entities is the subject of the State Court Business Cases and must be resolved before this Court can determine what property comprised property of the estate at the time of Ms. Bartenfelder's bankruptcy filing and whether Mr. Bartenfelder transgressed the automatic stay with respect to her property. The same is true for Count 8 – the state court must determine whether Ms. Bartenfelder had any interest in Forge Hill before this Court can adjudicate Count 8. Further, Counts 1 and 8 involve a two-party dispute between Ms. Bartenfelder and Mr. Bartenfelder.

This Court should not wade into determining whether, and to what extent, Ms. Bartenfelder had ownership interests in the Bartenfelder Entities on the date of her bankruptcy filing when the parties are, and have been, litigating this precise issue in state court for nearly five years. Nor will the Court determine whether or not Mr. Bartenfelder violated any order issued in the State Court Business Cases related to the Bartenfelder Entities and the parties' ownership interests therein.

Suspending this adversary proceeding as to Counts 1 and 8 until the State Court Cases have concluded and there is clarity with respect to what, if any, ownership interests Ms. Bartenfelder held in the Bartenfelder Entities and Forge Hill on the petition date avoids the possibility of inconsistent judgments and promotes judicial efficiency.

The Court concludes that suspension of this adversary proceeding is in the best interests of the parties. Accordingly, the Court will suspend this adversary proceeding as to Counts 1 and 8.

## CONCLUSION

In light of the foregoing, it is, by the United States Bankruptcy Court for the District of Maryland,

---

Business Cases and the claims in Counts 1 and 8 here are largely identical. "[M]any of the issues in [one of the State Court Business Cases] are the same as in the instant Adversary Proceeding … many of the issues are the same." Second Am. Compl. ¶ 91 [ECF No. 11].

ORDERED, that Counts 2, 3, 6, 7, and 9 are DISMISSED AS MOOT; and it is further,

ORDERED, that the Court will ABSTAIN from exercising discretionary jurisdiction over Counts 4 and 5; and it is further,

ORDERED, that this adversary proceeding is otherwise SUSPENDED as to Counts 1 and 8 until the sooner of (i) entry of final judgments in the State Court Cases, or (ii) dismissal of the State Court Cases; and it is further,

ORDERED, that Ms. Bartenfelder shall promptly notify the Court when either final judgment or dismissal have been entered in the State Court Cases.

cc:     Plaintiff
        Plaintiff's Counsel
        Defendants
        Defendants' Counsel

**END OF MEMORANDUM ORDER**